### THE STATE v. HERMAN KRETZKAMP.

Submitted December 3, 1914—Decided March 23, 1915.

Where a wife by reason of the cruel treatment of her husband leaves him, her abandonment cannot be construed to be a constructive abandonment of her by him, so as to warrant his indictment and conviction under the provisions of 2 *Comp. Stat., p.* 1770, as a husband who deserts or willfully refuses or neglects to maintain his wife, and providing that he shall thereby be guilty of a misdemeanor.

On error to the Hudson Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and MINTURN.

For the state, *Robert S. Hudspeth.*

For the defendant, *Bilder & Bilder.*

The opinion of the court was delivered by

MINTURN, J. The defendant was indicted and convicted for deserting his wife under the provisions of section 73a, page 177 of the Crimes act. 2 *Comp. Stat.,* *p.* 1770. The only witness was the wife, who testified to the husband's cruel treatment, by reason of which she left him, thus presenting the question whether a constructive abandonment of his wife by the defendant· is within the purview of the act, upon which the prosecution is based.

The act provides that "Any husband or father who deserts and willfully refuses or neglects to provide for and maintain his wife or minor child or children, shall be guilty of a misdemeanor," &c. In this instance there were no children of the marriage. The rule is fundamental in the construction of penal or criminal statutes, that their scope is not to be judicially enlarged, but that their language is to be strictly construed according to the plain intent of the legislature, as derived from the language employed to express the legislative meaning. *Lair* v. *Killmer,* 25·*N. J. L.* 522; *Woodruff* v. *State,* 68 *Id.* 89.

It is clear, under the testimony, that the defendant did not in the language of the act desert his wife, and therefore he cannot be charged under this legislation with being the actor so as to be brought within the terms or spirit of the act. Under well-recognized equitable rules, his status as a constructive deserter of his wife and family, upon satisfactory testimony, would lead to relief in that tribunal, but the procedure in cases of that character is designed to afford relief for the injured wife and family, as well as to extend protection to the body politic which ultimately might be chargeable with their maintenance. Considerations of that character are not applicable in the administration of the criminal law, in the absence of a clear legislative intent to that effect.

The judgment of conviction will therefore be reversed.